UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BASIL O. SAUNDERS, JR. and
BASIL O. SAUNDERS LUCIANO

               Plaintiff(s),                         COMPLAINT

        -against-

                                                       (Jury Trial Demanded)

THE CITY OF NEW YORK,
BUSINESS INTEGRITY COMMISSION,
NEW YORK CITY POLICE DEPARTMENT
INSPECTOR AHMAD WEISH, Shield No. 0318
of the Business Integrity Commission,
DETECTIVE RUSSO, Shield No. Unknown,
Tax Registry No. Unknown of the NYPD,
and "JOHN DOE", "RONALD ROE"; et al.,
unidentified Police Officers of the NYPD,
and/or inspectors/employees of the BIC

               Defendants.
-----------------------------------------------------------------X

      Plaintiffs Basil O. Saunders Jr. and Basil O. Saunders Luciano, by their attorneys, Kreisberg Maitland & Thornhill, LLP, for their Complaint herein, allege as follows:

**PRELIMINARY STATEMENT**

    1.    Plaintiffs bring this action against Inspector Ahmed Weish, Detective Russo and other unknown named officers and employees of the City of New York, pursuant to 42 U.S.C. § 1983, to redress the deprivation of their constitutional rights. On April 22, 2004, defendants violated Basil O. Saunders Jr.'s and Basil O. Saunders Luciano's constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution

when they seized, assaulted and handcuffed them and detained them without probable cause to believe they had committed a crime. Further, certain of plaintiffs' property was damaged or removed from their persons and never returned to them. A number of state law claims arising from these events are joined herein.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343, since plaintiffs' claims arise under federal law.

3.     This Court also has jurisdiction under 28 U.S.C. § 1367, since plaintiff's claims arise under the common law of the State of New York.

4.     Venue is proper in this Court under 28 U.S.C. § 1391(b), as the acts complained of occurred in the State of New York, County of New York.

## PARTIES

5.     Basil O. Saunders Jr. ("Plaintiff Father") is a citizen of the United States of America. He resides in the State of New York, County of Kings.

6.     Basil O. Saunders Luciano ("Plaintiff Son") is a citizen of the United States of America, and the son of Basil O. Saunders Jr. He resides in the State of New York, County of Kings.

7.     Defendant Inspector Ahmed Weish, Shield No. 0318, of the Business Integrity Commission ("BIC") was, at all times relevant hereto, an employee of the City of New York, Business Integrity Commission, and, at all times relevant hereto, was acting within the scope of his employment and under color of law.

8. Defendant Detective Russo (first name unknown), was, at all times relevant hereto, an employee of the City of New York, New York City Police Department ("NYPD"), and, at all times relevant hereto, was acting within the scope of his employment and under color of law.

9. Defendant John Doe("Doe"), (first and last name unknown), was, at all times relevant hereto, an employee of the City of New York, Business Integrity Commission ("BIC"), and, at all times relevant hereto, was acting within the scope of his employment and under color of law.

10. Defendant Police Officer Ronald Roe ("Roe"), (first and last name unknown), was, at all times relevant hereto, an employee of the NYPD, and, at all times relevant herein, was acting within the scope of his employment and under color of law.

11. Defendants "John Doe" and "Ronald Roe" et al., whose names are presently unknown, refer to an unknown number of unidentified employees of the BIC and NYPD who were, at all times relevant hereto, employed by the BIC or the NYPD, all of whom participated in the unlawful acts alleged herein. At all times relevant hereto, defendants "John Doe" and "Ronald Roe" et al. were acting within the scope of their employment and under color of law.

12. Defendant, City of New York ("City"), is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant hereto, it was the employer of all the indivual BIC and NYPD

employees, named and unnamed, whose conduct forms the basis for this lawsuit.

13.     The Business Integrity Commission is an entity established by the City of New York Charter, Chapter 63. Upon information and belief, BIC is responsible, *inter alia*, for the regulation of the Fulton Fish Market distribution area.

## ADMINISTRATIVE PREREQUISITES

14.     On June 1, 2004, plaintiffs filed a timely Notice of Claim with the defendant City in the Office of the City Comptroller, in accordance with the General Municipal Law. On June 17, 2005, plaintiffs each gave testimony as required by § 50-h of the General Municipal Law.

15.     At least thirty days have elapsed since plaintiffs filed the aforesaid Notice of Claim and adjustment or payment thereof has been neglected or refused.  This action is commenced within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-I of the General Municipal Law.

## FACTS UNDERLYING THE ARREST

16.     On April 22, 2004, at approximately 6:25 a.m.,  plaintiffs were walking their bicycles past the Fulton Fish Market while on their way to see and film the historic arrival of the Queen Mary 2. Plaintiff Father took still photographs for several minutes, and then proceeded to videotape the scene. Inspector Ahmed Weish, without identifying himself, began yelling at plaintiff that he was not allowed to take photos. Weish was not in any uniform nor did he display any badge or other identification, or otherwise identify himself or his authority.

17. Plaintiff Father, whose son is a United States Marine and was about to be deployed to Iraq, responded to the effect, "This is America, this is not Iraq" whereupon defendant Weish lunged at Plaintiff Father, tried to hit him with a "walkie-talkie" radio and pushed him to the ground.

18. After pushing Plaintiff Father down, defendant Weish continued to try to hit him with the radio. Plaintiff Son pushed defendant Weish's hands away to protect his father. Weish proceeded to swing at Plaintiff Son with the radio. Plaintiff Son backed up while repeatedly identifying himself as a member of the United States Marine Corps and asking Weish what was going on.

19. Defendants John Doe and other unidentified defendants then came up. At least two grabbed Plaintiff Son and began to choke him. Defendants Weish, Doe and others continued to swing at, restrain, and yell obscenities at the plaintiffs who offered no resistance. Much of this was videotaped by Plaintiff Father but defendants confiscated his camera and videotape and have never returned either.

20. Plaintiffs repeatedly asked for the police to be called to the scene. They were held underneath a ramp leading to the FDR Highway for an hour or more during which time defendants never identified themselves as officers, inspectors or employees of the BIC. Ultimately, plaintiffs were handcuffed and taken to a police precinct where defendant NYPD Detective Russo reviewed Plaintiff Father's videotape and questioned him.

21. Plaintiffs were fingerprinted and photographed at an NYPD Precinct and the rest of their property was confiscated. Hours later they were transported to Manhattan Central

Booking. They were arraigned at approximately 1:00 a.m. on April 23, 2005 and released on their own recognizance. Their cases were adjourned to May 21, 2004. Plaintiff Father was charged with Disorderly Conduct (N.Y.S.P.L. §240.20 (2)) under Docket No. 2004NY032070 and Plaintiff Son was charged with Obstruction of Government Administration(N.Y.S.P.L. § 195.05) and Disorderly Conduct (N.Y.S.P.L. § 240.20(1)) under Docket No. 2004NY032088.

22. On May 21, 2004, plaintiffs appeared before the New York County Criminal Court. All charges against each of them were dismissed upon the District Attorney's motion on that date.

23. Plaintiff Father's photographic and video equipment, including the videotape, was never returned.

24. Because of these events, plaintiffs sustained physical, emotional and psychiatric injuries, lost property and incurred expenses.

25. As a result of the aforesaid actions of the defendants, Plaintiff Father was required to replace items of his personal property, including his video camera and other photographic equipment. Defendants retained his equipment and film including the videotape of the seizure and assault.

26. As a result of defendants' actions, the plaintiffs have experienced, and continue to experience, severe humiliation, embarrassment, emotional and psychological distress.

27. As a further result of the defendants' actions, Plaintiff Son lost about $13,000.00 in wages.

## FIRST CLAIM FOR RELIEF- BASIL O. SAUNDERS JR.

(42 U.S.C. § 1983--False Arrest)

28.  Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "27" hereof, as though set forth fully at length herein.

29.  On April 22, 2004, the defendants detained the Plaintiff Father, Basil O. Saunders Jr., by placing him in handcuffs and holding him in custody for many hours against his will.

30.  The defendants did not have probable cause to believe that Plaintiff Father Basil O. Saunders, Jr. had committed or was committing any crime. Plaintiff Father did not engage in any conduct that warranted his detention or arrest.

31.  As a result of the defendants' conduct, Plaintiff Father was detained for a number of hours, and at all times knew that he was detained. Moreover, Plaintiff Father Basil O. Saunders, Jr. did not consent to his detention or to being assaulted and handcuffed.

32.  Because defendants did not have probable cause to believe that Plaintiff Father committed any crime, the arrest of Plaintiff Father and his subsequent detention were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

33.  As a result of his arrest, Plaintiff Father suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

## SECOND CLAIM FOR RELIEF- BASIL O. SAUNDERS LUCIANO

(False Arrest- 42 U.S.C. §1983)

34. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "33" hereof, as though set forth fully at length herein.

35. On April 22, 2004, the defendants detained Plaintiff Son, Basil O. Saunders Luciano, by placing him in handcuffs and holding him in custody for many hours against his will.

36. The defendants did not have probable cause to believe that Plaintiff Son had committed or was committing any crime. Plaintiff Son did not engage in any conduct that warranted his detention or arrest.

37. As a result of the defendants' conduct, Plaintiff Son was detained for a number of hours, and at all times knew that he was detained. Moreover, Plaintiff Son did not consent to his detention or to his being assaulted and handcuffed.

38. Because defendants did not have probable cause to believe that Plaintiff Son committed or was committing any crime, his arrest and his subsequent detention were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

39. As a result of his arrest, Plaintiff Son Basil O. Saunders Luciano lost wages and suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

### THIRD CLAIM FOR RELIEF-BASIL O. SAUNDERS, JR.

(Excessive Force- 42 U.S.C. §1983)

40. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs

"1" through "39" hereof, as though set forth fully at length herein.

41.     On April 22, 2004, defendants arrested Plaintiff Father Basil O. Saunders, Jr. In effectuating his arrest, defendants used more force than was reasonable or necessary under the circumstances.

42.     In committing the aforesaid acts, the defendants were acting as employees of the defendant City within the scope of their employment and under color of law. The defendant City is responsible for their actions and the consequences under the doctrine of *respondeat superior.*

43.     As Plaintiff Father's behavior provided no justification for defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments of the United States Constitution, and thereby violated his rights under 42 U.S.C. §1983.

44.     As a result of the defendants' conduct, Plaintiff Father Basil O. Saunders, Jr. suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

### FOURTH CLAIM FOR RELIEF- BASIL SAUNDERS LUCIANO

(Excessive Force- 42 U.S.C. §1983)

45.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "44" hereof, as though set forth fully at length herein.

46.     On April 22, 2004, defendants arrested the Plaintiff Son Basil O. Saunders Luciano. In effectuating his arrest, defendants used more force than was reasonable or necessary under the circumstances.

47. In committing the aforesaid acts, the defendants were acting as employees of the defendant City within the scope of their employment and under color of law. The defendant City is responsible for their actions and the consequences under the doctrine of *respondeat superior.*

48. As Plaintiff Son's behavior provided no justification for defendants' conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments of the United States Constitution, and thereby violated her rights under 42 U.S.C. §1983.

49. As a result of the defendants' conduct, Plaintiff Son Basil O. Saunders Luciano lost wages and suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

### FIFTH CLAIM FOR RELIEF- BASIL O. SAUNDERS, JR

(False Arrest)

50. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "49" hereof, as though set forth fully at length herein.

51. On April 22, 2004, the defendants arrested Plaintiff Father Basil O. Saunders, Jr. by placing him in handcuffs.

52. The defendants did not have probable cause to believe that Plaintiff Father had committed or was committing any crime. Plaintiff Father did not engage in any conduct that warranted his arrest or detention.

53. As a result of the defendants' conduct, Plaintiff Father was detained, and at all times knew he was detained. Moreover, Plaintiff Father did not consent to his detention.

54. Because the defendants did not have probable cause to believe that Plaintiff Father committed any crime, the arrest of Plaintiff Father was unjustified.

55. As a result of his arrest, Plaintiff Father Basil O. Saunders, Jr. suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

56. As the employer of the defendant police officers, the defendant City is responsible for the injuries Plaintiff Father suffered, and continues to suffer, as a result of defendants' conduct pursuant to the doctrine of *respondeat superior*.

### SIXTH CLAIM FOR RELIEF- BASIL O. SAUNDERS LUCIANO

(False Arrest)

57. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "56" hereof, as though set forth fully at length herein.

58. On April 22, 2004, the defendant police officers arrested Plaintiff Son Basil O. Saunders Luciano by placing him in handcuffs.

59. The defendants did not have probable cause to believe that Plaintiff Son had committed or was committing any crime. Plaintiff Son did not engage in any conduct that warranted his arrest or detention.

60. As a result of the defendants' conduct, Plaintiff Son was detained, and at all times knew he was detained. Moreover, Plaintiff Son did not consent to his detention.

61. Because the defendants did not have probable cause to believe that Plaintiff Son committed any crime, the arrest of Plaintiff Son was unjustified.

62. As a result of his arrest, Plaintiff Son Basil O. Saunders Luciano suffered, and continues to suffer, emotional and psychological pain, suffering and harm.

63. As the employer of the defendants, the defendant City is responsible for the injuries Plaintiff Son lost wages and suffered, and continues to suffer, as a result of defendants' conduct pursuant to the doctrine of *respondeat superior*.

### SEVENTH CLAIM FOR RELIEF- BASIL O. SAUNDERS, JR.

(Malicious Prosecution)

64. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "63" as if fully set forth herein.

65. On April 22, 2004, defendants Inspector Ahmad Weish arrested Plaintiff Father without probable cause.

66. As a result of his arrest, the District Attorney for the County of New York prosecuted Plaintiff Father for the conduct for which he was arrested. Upon information and belief, defendants Inspector Ahmad Weish provided the information necessary to permit him to file the accusatory instrument that constituted the basis for Plaintiff Father's prosecution.

67. Following the commencement of the criminal prosecution, Plaintiff Father remained detained as result of his arrest. He was required to appear in court to answer the baseless charges against him. Moreover, his ability to travel freely outside the State of New

York was restricted.

68. Ultimately, the criminal prosecution commenced against Plaintiff Father by the New York County District Attorney's Office terminated in his favor. On May 20, 2004, the charges that Plaintiff Father faced were dismissed on the motion of the District Attorney.

69. At all times relevant herein, defendants including Weish acted with malice. They knew, or, in the case of defendant Weish, should have known, that Plaintiff Father was actually innocent of the offenses with which he was charged.

70. As such, the conduct of the defendants violated Paintiff Father's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

71. As a result of his arrest and subsequent prosecution, Plaintiff Father suffered, and continues to suffer, psychological harm.

## EIGHTH CLAIM FOR RELIEF- BASIL O. SAUNDERS LUCIANO

(Malicious Prosecution)

72. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "71" as if fully set forth herein.

73. On April 22, 2004, defendants Inspector Ahmad Weish arrested Plaintiff Son without probable cause.

74. As a result of his arrest, the District Attorney for the County of New York prosecuted Plaintiff Son for the conduct for which he was arrested. Upon information and belief, defendants Inspector Ahmad Weish provided the information necessary to permit him

to file the accusatory instrument that constituted the basis for Plaintiff Son's prosecution.

75. Following the commencement of the criminal prosecution, Plaintiff Son remained detained as result of his arrest. He was required to appear in court to answer the baseless charges against him. Moreover, his ability to travel freely outside the State of New York was restricted.

76. Ultimately, the criminal prosecution commenced against Plaintiff Son by the New York County District Attorney's Office terminated in his favor. On May 20, 2004, the charges that Plaintiff Son faced were dismissed on the motion of the District Attorney.

77. At all times relevant herein, defendants including Weish acted with malice. They knew, or, in the case of defendant Weish, should have known, that Plaintiff Son was actually innocent of the offenses with which he was charged.

78. As such, the conduct of the defendants violated Paintiff Son's rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

79. As a result of his arrest and subsequent prosecution, Plaintiff Son lost wages and suffered, and continues to suffer, psychological harm..

### NINTH CLAIM FOR RELIEF- BASIL O. SAUNDERS, JR.

(All Defendants--Assault and Battery)

80. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "79" hereof, as set forth fully at length herein.

-14-

81. On April 22, 2004, the defendant Weish placed his hands on Plaintiff Father Basil O. Saunders, Jr. and pushed him to the ground after trying to hit him with a radio. Defendant Weish touched him in a harmful and offensive manner.

82. On April 22, 2004, the defendants detained the Plaintiff Father by placing him in handcuffs. While handcuffing him, said defendants touched Plaintiff Father in a harmful and offensive manner.

83. At all times relevant hereto, the defendants were acting within the scope of their employment.

84. Defendant Weish's actions placed Plaintiff Father in imminent fear of a harmful or offensive contact. Prior to and after handcuffing him, the defendants placed Plaintiff Father in imminent fear of a harmful or offensive contact.

85. Plaintiff Father Basil O. Saunders, Jr. did not consent to or otherwise authorize the defendants to touch him, strike him, or try to strike him with a radio.

86. As a result of the conduct of the defendants, Plaintiff Father Basil O. Saunders, Jr. suffered physical and psychological harm, and continues to suffer psychological harm.

87. As the employer of individual defendants, the defendant City is responsible for the injuries plaintiff suffers, and continues to suffer, as a result of their conduct pursuant to the doctrine of *respondeat superior*.

**TENTH CLAIM FOR RELIEF-BASIL O. SAUNDERS LUCIANO**

(Assault and Battery)

88.     Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "87" hereof, as set forth fully at length herein.

89.     On April 22, 2004, defendants grabbed Plaintiff Son Basil Saunders Luciano and placed him in a choke hold. Defendants touched him in a harmful and offensive manner.

90.     On April 22, 2004, the defendants detained Plaintiff Son by placing him in handcuffs.  While handcuffing him, said defendants touched Plaintiff Son in a harmful and offensive manner.

91.     At all times relevant hereto, the defendants were acting within the scope of their employment.

92.     Defendant Weish's actions placed Plaintiff Son in imminent fear of a harmful or offensive contact. Prior to and after handcuffing him, the defendants placed Plaintiff Son in imminent fear of a harmful or offensive contact.

93.     Plaintiff Son Basil Saunders Luciano did not consent or otherwise authorize the defendants to touch him, to choke him or to swing a radio at him.

94.     As a result of the conduct of the defendants, Plaintiff Son Basil O. Saunders Luciano suffered physical and psychological harm, and continues to suffer psychological harm.

95.     As the employer of individual defendants, the defendant City is responsible for the injuries plaintiff lost wages and suffers, and continues to suffer, as a result of their conduct pursuant to the doctrine of *respondeat superior*.

## **ELEVENTH CLAIM FOR RELIEF-BASIL O. SAUNDERS, JR.**

(Conversion–State Law)

96. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "95" hereof, as set forth fully at length herein.

97. By their aforesaid unlawful acts, specifically their act of failing to properly voucher and safeguard Plaintiff Father Basil O. Saunders, Jr.'s property, and by failing to return said property, the defendants facilitated, allowed and permitted unknown individuals to steal and convert said plaintiff's personal property.

98. By reason of defendants' aforesaid conduct, Plaintiff Father Basil O. Saunders, Jr. was damaged by the loss of his personal property.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiffs pray for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

( c) prejudgment interest;

(d) reasonable attorneys' fees;

(e) costs and expenses; and

(f) such other and further relief as is just and proper.

Dated: New York, New York
      July 18, 2005

                KREISBERG MAITLAND & THORNHILL, LLP
                Attorneys for Plaintiffs
                14 Penn Plaza at
                225 West 34th Street, Suite 1000
                New York, New York 10122
                (212) 629-4970


                By:_____
                      Gary Maitland (GM 8763)